UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORNA WILLIAMS,

       Plaintiff,

vs.

ROMULUS POLICE DEPT.,
ROGER SALWA,
OFFICER KLINE and
OFFICER CZAJKOWSKI,

       Defendants.
_____/

Civil Action No.
07-CV-14358

HON. BERNARD A. FRIEDMAN

**OPINION AND ORDER GRANTING DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT**

This matter is presently before the court on defendants' motion for summary judgment [docket entry 15]. Plaintiff has not responded, and the time for her to do so has expired. Pursuant to E.D. Mich. LR 7.1(e)(2), the court shall decide this motion without oral argument.

This is a police misconduct action. Plaintiff Lorna Williams alleges that on January 21, 2006, she went to a gas station located in Romulus, Michigan, and presented $25 to the attendant to pre-pay for gasoline. After taking the money (a $20 bill and a $5 bill), the attendant told plaintiff he believed the $5 bill was counterfeit. The attendant called the police, and three Romulus police officers (defendants Salwa, Kline and Czajkowski) came to the gas station. After speaking with the attendant and reviewing a surveillance video of the transaction, plaintiff was arrested and her car was searched. She was taken to the Romulus jail, where she complained of chest discomfort. After being taken to a hospital for treatment, plaintiff was returned to the Romulus jail. She was held at the jail for two days.

Plaintiff's complaint asserts five claims. In Count I ("Supplemental Jurisdiction, Gross Negligence/Negligence") she alleges that the defendant officers were grossly negligent in "failing to release plaintiff when there was no probable cause to detain, arrest or search plaintiff, but instead illegally arrested plaintiff, . . . ransacked her vehicle and detained plaintiff for over two days . . ." Cmplt. ¶ 35. In Count II plaintiff asserts a claim against the individual defendants for intentional infliction of emotional distress. In Count III plaintiff alleges that the individual defendants falsely imprisoned and falsely arrested her, and that "there was no probable cause for plaintiff's arrest and the arrest by Defendant Officers, particularly Officer Salwa, was racially motivated and to teach plaintiff a lesson." *Id.* ¶ 48. In Count IV plaintiff alleges that defendants violated her Fourteenth Amendment rights by depriving her of liberty without due process. And in Count V plaintiff alleges that defendants violated her Fourth and Fourteenth Amendment rights by "[c]onducting and [sic] objectively unreasonable and insufficient investigation of the guilt of plaintiff and/or [p]reparing reports and providing information that was false, misleading and incomplete," and by arresting and detaining her without due process. *Id.* ¶ 56.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Once a properly supported summary judgment motion has been filed, the burden shifts to the party opposing the motion to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* dispute as to any *material* fact." *Anderson*

2

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). Viewing the evidence "in the light most favorable to the opposing party," *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970), summary judgment may be granted only if the evidence is so one-sided that a reasonable fact-finder could not find for the opposing party. *See Anderson*, 477 U.S. at 248-50; *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478-80 (6th Cir. 1989). In other words, "[a] material issue of fact exists where a reasonable jury, viewing the evidence in the light most favorable to the non-moving party, could return a verdict for that party." *Vollrath v. Georgia-Pacific Corp.*, 899 F.2d 533, 534 (6th Cir. 1990).

The crux of plaintiff's case is that defendants arrested her without probable cause. On this subject the Sixth Circuit has stated:

> "In order for a wrongful arrest claim to succeed under § 1983, a plaintiff must prove that the police lacked probable cause." *Fridley v. Horrighs*, 291 F.3d 867, 872 (6th Cir.2002). "A police officer has probable cause only when he discovers *reasonably reliable information* that the suspect has committed a crime." *Gardenhire*, 205 F.3d at 318 (emphasis added). Furthermore, "in obtaining such reliable information, an officer cannot look only at the evidence of guilt while ignoring all exculpatory evidence. Rather, the officer must consider the totality of the circumstances, recognizing both the inculpatory and exculpatory evidence, before determining if he has probable cause to make an arrest." *Id.* This court stated in *Gardenhire* that a bare allegation of criminal wrongdoing, although possibly justifying a brief investigatory detention, was insufficient by itself to establish probable cause that the suspect had committed a crime. *Id.* at 317. Police officers may not "make hasty, unsubstantiated arrests with impunity," nor "simply turn a blind eye toward potentially exculpatory evidence known to them in an effort to pin a crime on someone." *Ahlers v. Schebil*, 188 F.3d 365, 371-72 (6th Cir.1999).
>
> As this court has previously explained, a determination of whether probable cause existed requires us to examine the totality of the circumstances, and we may "consider only the information possessed by the arresting officer at the time of the arrest." *Harris v. Bornhorst*, 513 F.3d 503, 511 (6th Cir. 2008). "A finding of probable cause does not require evidence that is completely convincing or even

3

> evidence that would be admissible at trial; all that is required is that the evidence be sufficient to lead a reasonable officer to conclude that the arrestee has committed or is committing a crime." *Id.*
>
> "In general, the existence of probable cause in a § 1983 action presents a jury question, unless there is only one reasonable determination possible." *Fridley*, 291 F.3d at 872; *see also Gardenhire*, 205 F.3d at 315 (explaining that the court "must determine whether a jury could conclude that a reasonable officer could have believed that [the arrested individual] had probably committed or [was] committing a crime"). But under § 1983, "an arresting agent is entitled to qualified immunity if he or she could reasonably (even if erroneously) have believed that the arrest was lawful, in light of clearly established law and the information possessed at the time by the arresting agent." *Harris*, 513 F.3d at 511 (*citing Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991)).

*Parsons v. City of Pontiac*, 533 F.3d 492, 500-501 (6th Cir. 2008).

In the present case, defendants clearly had probable cause to believe plaintiff had committed a crime, namely, passing counterfeit currency. Defendant Salwa testified at his deposition that upon arriving at the gas station he interviewed the attendant, Ahmed Chaouki Abdul-Hadi, who told him "the female standing there came up to pay for gas, handed him a 20 and a $5 bill. As soon as he felt the $5 bill, he immediately knew it was fake. He verified it with his money marker." Salwa dep. at 18. Salwa says he spoke with plaintiff, who acknowledged that she had handed the attendant a $20 bill and a $5 bill. *See id.* at 27. The attendant gave the $5 bill to Salwa; Salwa verified it was counterfeit; the attendant told Salwa this was the $5 bill plaintiff had handed to him; and plaintiff did not deny it was the same $5 she had handed to the attendant. *See id.* at 39-42, 49. Salwa also reviewed a surveillance video that showed plaintiff passing money to the attendant. *See id.* at 19, 29, 32-33.

In light of these facts, defendants had probable cause – i.e., reasonably reliable information – to believe that plaintiff had passed counterfeit currency. They did not ignore

4

exculpatory evidence, as no exculpatory evidence existed. Plaintiff claims defendants did not interview her. *See* pltf's dep. at 71, 76. Assuming this is true, it does not show that defendants lacked probable cause to arrest her. They had a counterfeit $5 bill, the gas station attendant's statement that plaintiff had handed the bill to him, and video footage showing plaintiff handing currency to the attendant. Under these circumstances, defendants were entitled to believe that plaintiff had committed a crime. As no reasonable jury could reach a contrary conclusion, defendants are entitled to summary judgment on this issue.

Under *County of Riverside v. McLaughlin*, 500 U.S. (1991), defendants could detain plaintiff for 48 hours before obtaining a judicial determination of probable cause. Plaintiff was released within 48 hours.[1] Accordingly, she has no claim for false imprisonment or unlawful detention.

The conclusion that defendants had probable cause to arrest plaintiff, and that they were permitted to detain her for 48 hours, defeats her claims for false arrest, false imprisonment, and Fourth and Fourteenth Amendment violations (Counts III, IV and V). Her claims for gross negligence and intentional infliction of emotional distress (Counts I and II) fail as well. Plaintiff has presented no evidence from which a jury could find that defendants acted with "substantial lack of concern for whether an injury results," M.C.L. § 691.1407(2)(c), or that defendants' conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Roberts*

---

[1] The incident at the gas station occurred on Saturday, January 21, 2006. *See* Cmplt. ¶ 10. Salwa testified that defendants were called to the gas station at 5:07 p.m. and that plaintiff was arrested "probably around 5:30'ish." Salwa dep. at 72-73. Plaintiff testified she was released the following Monday "[b]efore noon." Pltf's dep. at 56.

*v. Auto-Owners Ins. Co.*, 422 Mich. 594, 603 (1985). All plaintiff has shown is that defendants arrested her (which they were entitled to do), searched her truck for three minutes, removed the handcuffs shortly after arriving at the police station, transported her to the hospital when she complained of chest discomfort, allowed her to make telephone calls, gave her her medications, released her within 48 hours, and treated her respectfully the entire time. *See* pltf's dep. at 29, 31, 37-44, 50, 52, 62, 77. There is, in short, no basis for a gross negligence or emotional distress claim. Accordingly,

IT IS ORDERED that defendants' motion for summary judgment is granted.

S/Bernard A. Friedman
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated: August 26, 2008
Detroit, Michigan

I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

S/Carol Mullins
Case Manager to Chief Judge Friedman